The document below is hereby signed.

Signed: May 4, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARIO ALVARADO and TERESA ALVARADO, | ) ) ) | Case No. 10-01208 (Chapter 11) Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER RE DEBTORS' MOTION TO REOPEN CASE</u>

On March 30, 2016, the court entered an *Order Granting Motion for Final Decree* (Dkt. No. 255) which stated that it is

> ORDERED that if the debtors seek to obtain a discharge under 11 U.S.C. § 1141(d)(5), they must file a motion to reopen the case under 11 U.S.C. § 350(b) and give notice to all parties in interest.

The debtors have now filed a *Motion to Reopen Chapter 11 Case and Request for Fee Waiver* (Dkt. No. 259), in which they request that their case be opened so that they can obtain a discharge.

I

The debtor's motion did not include a notice to all parties in interest as required by the court's *Order*. Because of the failure to provide notice, the court will refrain from ruling on the debtors' request to reopen the case until they have provided

notice to parties in interest as required by the *Order Granting Motion for Final Decree.*

In addition, 11 U.S.C. § 1141(d)(5) provides in relevant part:

> In a case in which the debtor is an individual—
> (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
> ...
> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
> (i) section 522(q)(1) may be applicable to the debtor; and
> (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

(Section 1141(d)(5)(B) deals with granting a debtor a so-called hardship discharge, and the debtors have not invoked that provision.)  This statute, in effect, requires that in order to obtain a discharge, a debtor must file a motion for discharge with notice to creditors of the opportunity to oppose the motion (for example, by opposing the motion if payments have not been completed under the plan regarding a debt provided for by the plan).  To minimize mailing expenses, the court will permit the debtors to serve an amended motion constituting a combined motion to reopen and motion for discharge.  However, the notice and

combined motion to reopen the debtors serve should comply with LBR 5005-2(a)(1): it is not reasonable to expect creditors to react to a hand-printed motion that is difficult to read.[1] Because of the current COVID-19 pandemic, I will give the debtors until July 15, 2020, to file such a combined motion.

II

I will grant the debtors' request for a waiver of the fee for filing the motion to reopen the case. Regarding a debtor's motion to reopen the case to seek the entry of a discharge under 11 U.S.C. § 1141(d)(5), LBR 3022-2(a)(2) requires that "at the time the motion to reopen is filed, the debtor will be required to pay the required fee for filing a motion to reopen a Chapter 11 case." The Note to LBR 3022-2 adds: "Item 11 of the Miscellaneous Bankruptcy Fee Schedule recites that '[t]he reopening fee must be charged when a case has been closed without a discharge being entered,' and LBR 3022-2(a)(2) serves as a reminder in that regard." However, item 11 of the Bankruptcy Court Miscellaneous Fee Schedule provides in full that "[t]he reopening fee must be charged when a case has been closed without a discharge being entered," but "[t]he court may waive this fee

---

[1] LBR 5005-2(a)(1) provides that filings "must be in black typographical print (doubled spaced except for notice or quotations)." The current motion is legible but still somewhat difficult to read: it is not doubled spaced and it is debatable whether it is in typographical printing. It would be preferable for the debtors to file papers in typewritten form.

under appropriate circumstances . . . ."[2]

The issue is whether the debtors have shown "appropriate circumstances" for waiving the reopening fee. The decisions addressing whether "appropriate circumstances" exist for waiving the reopening fee principally deal with Chapter 7 cases in which the debtor failed to file a *Certification About a Financial Management Course* (Official Form No. 423) before the case was closed, and "when the debtor failed to file a certificate of debtor education, the granting of a waiver should be an exceedingly rare occurrence." *In re Robinson*, No. 18-00602, 2019 WL 1012245, at *1 (Bankr. D.D.C. Mar. 1, 2019). Courts ordinarily ought not grant a waiver when the debtor was on notice of the requirement to file the required certificate and was able to file the required certificate before the case was closed but neglected to do so.

This, however, is a Chapter 11 case, and § 1141(d)(3) appears to entitle the debtors to a discharge, upon completing plan payments, without the necessity of taking a course in

---

[2] Even though 28 U.S. Code § 1930(f)(3) states that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors." However, absent a finding of "appropriate circumstances," it would not be "in accordance with Judicial Conference policy" to waive the fee for filing a motion to reopen a case when the Miscellaneous Bankruptcy Fee Schedule explicitly requires that it be charged except in "appropriate circumstances."

financial management because the confirmed plan was not a liquidating plan.  The case was closed before completing payments on unsecured claims, and the closing of the case avoided the debtors incurring quarterly United States Trustee fees.  Section 10.01 of the confirmed plan provided: "*Closing of Case During Administration of Plan*. The Debtors will move to temporarily close this case during the pendency of implementation of the plan, and re-open it for purposes of obtaining the issuance of a discharge order and taking other steps to permanently close the case, when payments are completed, which is expected to occur within sixty (60) months."  At least one decision has treated such a closing to avoid the incurring of quarterly United States Trustee fees as not a full statutory closing of the case, such that no reopening fee should be charged to reopen the case in order for the debtor to obtain a discharge discharge pursuant to § 1141(d)(5).  *See In re Garcia*, Case No. 12-41403-MSH, 2018 WL 3524581 (Bankr. D. Mass. July 20, 2018) (waiving fee to reopen case to obtain discharge discharges pursuant to § 1141(d)(5)).[3]

---

[3] Even though the closing here was a temporary closing, it may still have had the consequences that flow from a closing of the case, including the consequence under 11 U.S.C. § 554(a) of abandoning scheduled property of the estate to the debtors and the consequence under 11 U.S.C. § 362(c)(2) of terminating the automatic stay as to acts against the debtors and the debtors' property.  I need not decide whether that is the case here, other than to note that a debtor's chapter 11 plan can attempt to bring clarity in that regard by addressing the consequences of a closure.

Although LBR 3022-2(a)(2) reads as though no waiver of the fee for filing a motion to reopen can be granted upon the reopening of a Chapter 11 case in order to obtain a discharge upon completing plan payments, that would be contrary to Miscellaneous Fee Schedule item 11, which authorizes the court to grant a waiver in "appropriate circumstances." The closing here was treated by the confirmed plan as a temporary closure, the debtors were not required to filed a *Certification About a Financial Management Course* (Official Form No. 423), and the debtors, who have proceeded pro se after their attorney withdrew and would be substantially harmed by having to pay a reopening fee, have shown appropriate circumstances for waiving the fee.

III

For the foregoing reasons, it is

ORDERED that the debtors' *Motion to Reopen Chapter 11 Case and Request for Fee Waiver* (Dkt. No. 259) will be denied as to the debtors' request that the case be reopened unless by July 15, 2020, the debtors file:

- an amended motion to reopen (in the form of a combined motion to reopen case and motion for entry of a discharge), and
- a notice of the opportunity within 21 days of filing to oppose the motion to reopen and the motion for entry of a discharge

with those filings complying with LBR 5005-2(a)(1).  It is further

    ORDERED that the debtors' request for waiver of the reopening fee is GRANTED.

                                          [Signed and dated above.]

Copies to: Debtors; all recipients of e-notification.